IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                        No. CR 05-1609 JB

NICOLAS FUENTES-CRUZ,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Sentencing Memorandum in Support of Variance, filed October 17, 2007 (Doc. 44)("Sentencing Memo").  The Court held a sentencing hearing on October 31, 2007.  The primary issue is whether the Court should grant a substantial variance from the advisory guideline sentence.  For the reasons stated at the sentencing hearing, for further reasons consistent with those already stated, and because of Defendant Nicolas Fuentes-Cruz' extensive criminal history, the Court concludes that the guideline sentence is appropriate and reasonable, and will deny Fuentes-Cruz' request for a variance.

## PROCEDURAL BACKGROUND

Fuentes-Cruz pled guilty to Reentry of a Deported Alien in violation of 8 U.S.C. §§ 1326(a)(1), (b)(2).  8 U.S.C. §§ 1326(a)(1), (b)(2) makes criminal the re-entry of a deported alien.  After Fuentes-Cruz pled guilty, a probation officer prepared a pre-sentence report.  Fuentes-Cruz' total offense level is 21. See Presentence Investigation Report ("PSR") ¶ 17, at 5, disclosed July 24, 2007.  He is in criminal history category VI. See id. ¶ 57, at 15.  The resulting sentencing guideline range is 77 to 96 months. See id.

## ANALYSIS

The Court has carefully reviewed the sentencing factors set forth by Congress in 18 U.S.C. § 3553(a), and agrees with the United States that, under the facts and circumstances of this case, a variance is not appropriate.  While the Court agrees with Fuentes-Cruz that his crime of re-entry is not a violent crime, and alone does not seem to merit a sentence within the guideline range, the Court must also take into consideration Fuentes-Cruz' extensive criminal history. The Court, therefore, taking into consideration all relevant factors, believes that a sentence within the advisory sentencing guideline range is appropriate.

**1.    The Nature and Circumstances of the Offense, and the History and Characteristics of Fuentes-Cruz.**

Fuentes-Cruz' criminal history is bad.  He began engaging in criminal activity at the age of 21 when he was arrested for driving without a valid driver's license.  See PSR ¶ 30, at 10.  From that point on, his criminal activity continued and became more serious.  Between the ages of 23 and 30, Fuentes-Cruz' received criminal convictions on eight different occasions for varying crimes including possession/manufacture/delivery of a controlled substance, felony assault, obstruction of law enforcement, criminal trespass, false information to a police officer, and illegal entry into the United States on more than on occasion.  See PSR ¶¶ 19-26, at 5-9.  In addition to receiving eight convictions, Fuentes-Cruz was also arrested on seven other occasions for assault, theft, and possession of a controlled substance.  See PSR ¶¶ 30-36, at 10-11.  In reviewing Fuentes-Cruz' extensive criminal history, the Court does not believe that category VI over represents his future propensity for criminal activity or his past conduct.

Fuentes-Cruz argues that he should receive a deviation from the advisory guideline range because his re-entry in the United States was not violent.  See Sentencing Memo, at 3.  Almost all

defendants charged with illegally entering the United States, however, could make the same argument. Few defendants, if any, enter the United States violently. The Court, therefore, does not find this to be a distinguishing factor in Fuentes-Cruz' case.

Fuentes-Cruz argues that the Court should deviate from the advisory sentencing guideline range because he was treated for mental illness before entering a guilty plea in this case and still suffers from eccentric thinking. See id. at 2. Mental illness may have contributed to Fuentes-Cruz' criminal history. That he may be mentally ill, however, does not reduce the threat that Fuentes-Cruz poses to the people who live legally and illegally in the United States.

**2.      The Need for the Sentence to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment.**

Fuentes-Cruz makes a series of arguments that the Court can fairly summarize as an argument that his proposed guideline sentence is too long. See id. at 3-5. The Sentencing Commission is in an excellent position, however, to review the sentencings throughout the nation and to determine the appropriate punishment for the offense that Fuentes-Cruz committed. The Commission has considerable experience dealing with sentences. Moreover, the Court is in a good position to determine whether the advisory guideline sentence is appropriate and reasonable under the facts and circumstances of this case. The Sentencing Commission and the Court are both in agreement that, under the facts of this case, the guideline sentence is appropriate.

**3.      The Need to Avoid Unwarranted Sentence Disparity.**

Many defendants charged with illegally re-entering the United States after deportation could make arguments similar to the ones that Fuentes-Cruz makes. If these arguments were sufficient to justify a deviation from the advisory sentencing guideline range, it is possible that more defendants would qualify for a deviation than those who would not. The deviation would then

become the rule, which would minimize the experience and advice of the Sentencing Commission, the uniformity that the nation tries to maintain with the guidelines, and how individual judges apply them in their districts.  The Court believes that, under the facts of this case, the advisory guideline sentence reflects the seriousness of the offense, promotes respect for the law, provides just punishment, and affords adequate deterrence while protecting the public.

**IT IS ORDERED** that the Defendant's request for a variance in his Sentencing Memorandum in Support of Variance is denied.

_____
UNITED STATES DISTRICT JUDGE

_Counsel:_

Larry Gomez
   Acting United States Attorney
Norman Cairns
   Assistant United States Attorney
Albuquerque, New Mexico

_Attorneys for the Plaintiff_

Edward O. Bustamonte
Albuquerque, New Mexico

_Attorney for the Defendant_

-4-